MARTÍNEZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section Two.

No. 52.—Decided April 28, 1910.

TITLE OF OWNERSHIP—CURABLE DEFECT.—An order made in a proceeding to secure a title of ownership presented at the registry for record before the expiration of the time within which an appeal from the decision may be taken, is subject to the curable defect that the order was not signed.

ID.—TIME WITHIN WHICH TO APPEAL—ORDERS IN PROCEEDINGS TO ESTABLISH OWNERSHIP.—The time within which to take an appeal from judgments rendered by district courts in proceedings to establish ownership is governed by paragraph one of section 295 of the Code of Civil Procedure, and the time is, therefore, 30 days.

The facts are stated in the opinion.

*Mr. Emigdio S. Ginorio* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

On February 18, 1910, the District Court of San Juan rendered a judgment wherein a dominion title was declared in favor of Clemente Martínez Negrón. A certified copy of this judgment was issued by the secretary of the district court on

February 24, 1910, and the certificate so issued was offered for record to the registrar of property on March 1, 1910. The The said officer recorded the same, but with the remediable defect that the alleged judgment was not "*ejecutoriado*," in other words, that it was not a definitive judgment but one from which an appeal might still be taken.

We have already decided in the case of the administrative appeal of Manuel Soto Quiñones, judgment of this court of October 18, 1909, that a like document is not properly presented for record until the time for appeal has expired, unless the case falls within one of the exceptions set forth by section 395 of the Mortgage Law.

The only other question involved in this appeal is the length of time in which an aggrieved party has to appeal. As there is no special law relating to an appeal from a judgment declaring a dominion title such appeals are governed by the Code of Civil Procedure now in force. That Code repealed the similar provisions of the old Code of Civil Procedure. Likewise, as there is no special provision in the present Code of Civil Procedure governing such appeal, the case before us falls under the first and most general paragraph of section 295 of that Code. The time there fiixed is 30 days. Hence the document presented to be recorded, being issued six days after the judgment, did not follow the law and the note of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.